Date signed August 26, 2011



PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| 8334 LEESBURG PIKE ASSOCIATES | : | Case No. 11-19734PM |
| | : | Chapter 11 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| 8334 LEESBURG PIKE ASSOCIATES | : | |
|     Plaintiff and Counter-Defendant | : | |
| vs. | : | Adversary No. 11-0411PM |
| | : | |
| CATHAY BANK | : | |
|     Defendant and Counter-Plaintiff | : | |
| vs. | : | |
| | : | |
| NASRIN PARVIZIAN | : | |
|     Third-Party Defendant | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION

On August 16, 2011, the court held a hearing on numerous matters arising in this case. Among these was the court's raising of the issue *sua sponte* as to the existence of this court's jurisdiction or the absence thereof over the Third Party Complaint (D.E. #10) filed by the Defendant Cathay Bank against Nasrin Parvizian. The underlying Complaint filed by the Debtor in Possession is in three counts and seeks, pursuant to 11 U.S.C. § 544, avoidance of a lien allegedly creating a cross pledge agreement, declaratory relief to void the cross pledge agreement, and disallowance of the claim of Cathay Bank. Cathay Bank filed an answer generally denying the allegations of the Complaint as well as a Counterclaim seeking a

declaratory judgment that a certain cross pledge agreement is a valid and enforceable obligation of the Debtor and WL Plaza LLC and that the lien held by Cathay Bank is properly perfected and that it is entitled to the net proceeds following sale of WL Plaza, the subject property.  Cathay Bank also filed a Third Party Complaint against Nasrim Parvizian, a general partner of the Debtor and a guarantor of the obligations sought to be enforced.

The Counterclaim filed by Cathay Bank is a related matter to this bankruptcy case under Chapter 11.  It is not a core proceeding.  That being so, in order to hear the matter the court must find that it has 28 U.S.C. § 157(b)(3) "related to" jurisdiction over it.[1]  As explained in the case of *In re Celotex Corp.*, 124 F.3d 619, 625-626 (CA4 1977):

> In *A.H. Robins Co. v Piccinin*, 788 F.2d 994, 1002, n.11 (CA4 1986), we adopted the Third Circuit's test for determining the existence of "related to" jurisdiction.  That test, in its entirety, provides:
>
> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.  Thus, the proceeding need not necessarily be against the debtor or against the debtor's property.  An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate.

*Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (CA3 1984), and *Celotex Corp v.Edwards*, 514 U.S. 300, 308, n.6 (1995), were cited in support of this proposition.  The tenuous relationship of the Third Party Complaint to the Debtor is that the claim against the estate will be reduced to the extent that there is a recovery against the Third Party Defendant.

Not withstanding the existence of jurisdiction over the various matters before the court, the court is without power to enter a final order as to either the Third Party Complaint or the

---

[1] **28 U.S.C. § 157.  Procedures**

(b)(3)  The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11.  A determination that a proceeding is not a core proceeding shall not be made solely on the basis that it resolution may be affected by State law.

Counterclaim.[2]  In the absence of express consents from the parties given under Fed. Rule of Bankruptcy Proc. 7008(a) and 7012(b) to the entry of a final order by this court, this court must prepare proposed findings of fact and conclusions of law that are subject to de novo review..

Cathay Bank suggests that judicial efficiency will be served by having this court decide the dispute between two non-debtor parties.  The court sees it otherwise.  In the absence of consent by all concerned to the entry of a final order by the Bankruptcy Court, the order disposing of the Complaint will not be final without a district judge's de novo review of this court' proposed findings and conclusions to which any party has timely and specifically objected.  28 U.S.C. § 157 (c)(1).

Upon receipt of certification of service of the Third Party Complaint, the Clerk will set a final scheduling conference.

As this issue was created *sua sponte* by the court, no order will be entered thereon.

cc:
Alan M. Grochal/Christopher D. Heagy, Esq., 100 East Pratt Street, Baltimore, MD 21202
Malik K. Cutler/Angela H. France, Esq., 1725 Duke Street, Suite 240, Alexandria, VA 22314
Nasrin Parvizian, 5801 Nicholson Lane, #1801 North Bethesda, MD 20852
United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770

**End of Memorandum**

---

[2]  See, *Stern v. Marshall*, 131 S. Ct. 2594 (2011).